UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                     Case No: 2:22-cr-86-SPC-NPM

JONATHAN GARDUNO

_____

## OPINION AND ORDER

Before the Court are Defendant Jonathan Garduno's *pro se* Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 146), the United States Probation Office's Memorandum (Doc. 149), and a Notice That the Federal Defender's Office Has Satisfied the Requirements Imposed by the Amendment 821 Omnibus Order (Doc. 153). Defendant also "incorporates a Motion for appointment of Counsel." (Doc. 146 at 1). For the following reasons, the Court denies the motion.

Defendant is serving a 168-month sentence for drug-related offenses. (Doc. 133). He generally argues that he is "eligible for a reduction of sentence under Amendment 821 of the Guidelines." (Doc. 146 at 10).

It used to be that a defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status received two extra criminal history points. But Part A of Amendment 821 has changed that procedure. Now defendants can move to eliminate the extra points if they meet

three criteria: (1) the defendant was assessed two status points under § 4A1.1(d) (now § 4A1.1(e)) and would no longer be assessed status points under the amended guideline; (2) the reduction of status points would reduce the defendant's criminal history category and result in a lower guideline range; and (3) the defendant received a higher sentence than the minimum of the amended guideline range.

Further, Part B of Amendment 821 allows for relief for zero-point offenders by providing for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Amendment 821, Part B.

The Court sentenced Defendant on March 18, 2024. (Docs. 132, 133). Probation explains that neither Part A nor Part B, subpart 1, of Amendment 821 applies here because Defendant was assessed one or more criminal history points and was not assessed status points. (Doc. 149 at 2).

The Federal Defender agrees with Probation's assessment. (Doc. 153 at 2–3). So the Federal Defender cannot argue in good faith that Defendant is eligible for a sentence reduction and states that she will not file a motion for sentence reduction under Amendment 821 on Defendant's behalf. The Federal Defender states that she will notify Defendant of her position and move to terminate her representation of Defendant. (*Id.* at 3).

Having reviewed the record in this case, the Court agrees with Probation and the Federal Defender.  Because Defendant received three criminal history points and was not assessed status points, he is ineligible for a sentence reduction under Amendment 821.  As Amendment 821 does not apply to Defendant, the Court need not evaluate the 18 U.S.C. § 3553(a) factors.

Accordingly, it is

**ORDERED**:

Defendant Jonathan Garduno's *pro se* Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 146) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on April 29, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record

3